IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 30, 2010


STATE OF TENNESSEE  v. BYKEEM BRET JENKINS


Appeal from the Circuit Court for Blount County
No. C-17078      David R. Duggan, Judge

———————————————

No. E2009-01755-CCA-R3-CD - Filed April 14, 2010

———————————————


The defendant, Bykeem Bret Jenkins, pleaded guilty in 2007 in the Blount County Circuit Court to possession of marijuana with intent to deliver, a Class E felony, and received a two-year suspended sentence.  In response to a timely petition for violation of the defendant's probation, the trial court revoked the probation and ordered the defendant to serve his sentence in the Department of Correction.  The defendant appeals from the order of confinement.  We affirm the trial court's order.


**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**


JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Mack Garner, District Public Defender (at trial); and J. Liddell Kirk, Knoxville, Tennessee (on appeal), for the appellant, Bykeem Bret Jenkins.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and Tammy Harrington and Kathy Aslinger, Assistant District Attorneys General, for the appellee, State of Tennessee.


**OPINION**


        The petition for revocation of the defendant's probation alleged that he was arrested for aggravated robbery, simple possession of a controlled substance, evading arrest, and possession of a controlled substance with intent to sell or deliver.  The petition also alleged that the defendant twice admitted using drugs while on probation, that he failed to obtain a drug assessment as directed by the probation officer, that he was delinquent in paying his probation fees, and that he owed $2,580 in court costs.

In the probation revocation hearing, the probation officer testified to the violations. He testified that the defendant did report his arrests. On cross-examination, the officer testified that the defendant reported to him "[f]or the most part" and that the defendant had been attempting to pay his costs and fees in amounts of five or 10 dollars.

Two Blount County sheriff's deputies testified that in 2008 they stopped the defendant's vehicle for speeding. During the traffic detention, the defendant stood outside his vehicle, and the officers found a plastic bag of marijuana on the ground where the defendant had been standing. They both testified that when they ordered the defendant to submit to arrest and handcuffing, the defendant ran away. The officers apprehended the defendant, searched him, and found two plastic bags containing marijuana along with unused plastic bags in the defendant's jacket.

The defendant testified that he was 32 years of age and had a tenth grade education. He admitted using marijuana while on probation. He acknowledged that the probation officer ordered him into a "drug assessment program" but stated that he did not follow the directive because he lacked a vehicle. He stated that his aggravated robbery charge had not been resolved, and he maintained his innocence of that charge. He admitted running from the deputies during the 2008 traffic stop but denied that he had possessed any marijuana as claimed by the deputies. He testified that he had recently entered a drug assessment program and a graduate equivalency program, but he acknowledged that his ability to attend the drug program was limited because he had lost his driver's license due to noncompliance with the financial responsibility law. He testified that he had difficulty finding work and supported himself by "staying with female friends." He agreed that twice he had admitted to the probation officers that he had used marijuana. He affirmed his claim that the officers planted marijuana on him during the 2008 traffic stop, despite his admission in a pretrial statement that the marijuana was his.

The trial court found that the defendant was not credible and that he had "engaged in a material violation of the terms of [his] probation" based upon the 2008 possession of marijuana, evading arrest, his drug usage while on probation, his failure to pay probation fees and court costs, and his failure to obtain a drug assessment. The court disregarded the new arrests for aggravated robbery and simple possession. The court revoked the defendant's probation and ordered him to serve his sentence in the Department of Correction, subject to credit for time served.

On appeal, the defendant claims that the trial court erred in ordering him to serve his sentence in confinement. We disagree.

A trial court may revoke a sentence of probation upon a finding by a

preponderance of the evidence that the defendant has violated the conditions of his release. T.C.A. § 40-35-311(e) (2006); *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). A revocation will be upheld absent a showing that the trial court abused its discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Relief will be granted only when the trial court's "'logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). Upon finding a violation, the trial court may "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." T.C.A. § 40-35-311(e).

In the present case, the trial court acted well within its discretion in ordering the defendant to serve his sentence in confinement. The record showed that, despite his being placed on probation for possession of marijuana, the defendant continued to possess and use the controlled substance. Accordingly, the trial court was warranted in ordering confinement, and we affirm its order.

_____
JAMES CURWOOD WITT, JR., JUDGE